**SCANNED**

Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

'07  JAN -5  P 3:56

**U.S.A. vs. JAMES C. WICKWIRE**                                    **Docket No. 00-00132-003**

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of James C. Wickwire, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Pittsburgh, Pennsylvania, on the 14th day of May 2000, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
- The defendant shall provide the probation officer access to any requested financial information.
- The defendant shall not consume alcohol.
- The defendant shall pay the remaining restitution through monthly payments of not less than 10 percent of his monthly gross income.
- The defendant shall not incur credit charges or open lines of credit without the approval of the probation officer while any restitution balance remains.
- The defendant shall make restitution to George Heitzenreiter in the amount of $1,775, jointly and severally with the codefendants.
- The defendant shall pay to the United States a special assessment of $100.

05-14-00:     Conspiracy and Sale of a Stolen Firearm Transported in Interstate Commerce; Sentenced to 8 months' custody of the Bureau of Prisons, to be followed by 3 years' supervised release.
10-03-03:     Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde.
10-10-03:     Case placed inactive due to more than 30 days' incarceration.
01-08-04:     Released from incarceration and case returned to active status.
05-04-05:     Case placed inactive due to more than 30 days' incarceration.
09-07-05:     Released from incarceration and case returned to active status.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the supervised releasee has violated the following conditions:

**The defendant shall support his or her dependants and meet other family responsibilities.**

**The defendant shall not commit another federal, state or local crime.**

U.S.A. vs. JAMES C. WICKWIRE
Docket No. 00-00132-003
Page 2

Mr. Wickwire was found in contempt of several child support orders, which he has through the Elk County Domestic Relations Office. Mr. Wickwire was sentenced by the Elk County Court of Common Pleas to 6 months' incarceration at the Elk County Jail for Contempt of Court at Case Nos. DRSNO: 97-224, DRSNO: 04-00018, and DRSNO: 06-00019. The sentence of six months' incarceration was ordered to be served concurrently at each case. Mr. Wickwire has previously been sentenced to periods of incarceration of 2, 15, and 90 days at Case No. DRSNO: 97-221, while on supervision with this Court. The most recent period of incarceration of two days took place on June 8, 2006. The same period of incarceration was imposed on this date at Case No. DRSNO: 04-00018. According to information provided by the Elk County Domestic Relations Office, Mr. Wickwire failed to obtain employment and make the necessary child support payments for his three children.

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of the month.**

Mr. Wickwire has failed to do submit monthly reports since October 2005. Mr. Wickwire was last sent a delinquent reporting notice on July 24, 2006, and failed to respond to that notice. Prior to this, Mr. Wickwire submitted a year's worth of monthly reports on October 31, 2005, which was for the period of October 2004 to October 2005. He then submitted six months' worth of delinquent monthly reports on November 17, 2004, for the period of April to September 2004.

**The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**

Mr. Wickwire was employed for less than six months since being released from the custody of the Bureau of Prisons. Efforts by the Probation Office and the Elk County Domestic Relations Office to assist and motivate Mr. Wickwire to obtain legal employment were unsuccessful.

**The defendant shall make restitution to George Heitzenreiter in the amount of $1,775, jointly and severally with the codefendants.**

**The defendant shall pay to the United States a special assessment of $100.**

Mr. Wickwire has paid $20 towards his financial obligations with the Court. Mr. Wickwire presently owes $5 towards his special assessment fee and $1,775 in restitution. The Probation Office has reminded Mr. Wickwire of these obligations via payment notices and personal reminders.

U.S.A. vs. JAMES C. WICKWIRE
Docket No. 00-00132-003
Page 3


PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom No. 8A, 8th Floor, U.S. Post Office and Courthouse, Pittsburgh, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

### ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 _____ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

Executed on _____ Jan 5, 2007 _____

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place: _____ Pittsburgh, PA _____